UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANNA KARCHO-POLSELLI,

           Plaintiff,           CASE NO. 11-13349

v.                               HON. MARIANNE O. BATTANI

CHASE HOME FINANCE, LLC,

           Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Chase Home Finance LLC's (Chase) Motion to Dismiss (Doc. No. 14). The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. FACTS**

In 2004, Plaintiff Hanna Karcho-Polselli entered into a mortgage loan with Washington Mutual Bank, F.A. ("WaMu"). (Doc. No. 14, Ex. A). She executed a promissory note for $975,000 and a mortgage securing repayment of the note. (Doc. No. 14, Ex. B). Defendant Chase Home Finance, LLC, ("Chase") is the servicer of the loan.

After Plaintiff defaulted on her mortgage loan, Chase initiated foreclosure by advertisement proceedings on the property, located at 11457 Club Drive, Bloomfield Hills, Michigan 48302. (Doc. No. 14, Ex. C). Plaintiff filed suit in Oakland County Circuit Court, alleging Chase made misrepresentations that it would adjourn the foreclosure while Plaintiff's loan modification was being processed. Chase removed based on diversity of

citizenship.  (Doc. No. 1).

## II.   STANDARD OF REVIEW

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law." Fed. R. Civ. P. 56(a).  The court must view the evidence in the light most favorable to the non-moving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).  The movant must first show the absence of a genuine issue of material fact, either by pointing to the movant's own affirmative evidence, or by "pointing out to the district court. . .that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Then, the non-moving party must point to specific facts in the record showing a "genuine issue for trial."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  A genuine issue for trial cannot be created via "metaphysical doubt" about the material facts or the "mere existence of a scintilla of evidence in support" of the non-moving party.  <u>Id.</u>  Instead, "there must be evidence on which the jury could reasonably find for" that party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).  If such evidence fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment in favor of the moving party.  <u>Celotex</u>, 477 U.S. at 322.

## III.   ANALYSIS

Chase contends that it is entitled to summary judgment under Rule 36, which authorizes "[a] party [ ] to serve upon any other party a written request to admit. . .the truth

of any matters within the scope of Rule 26(b)(1) relating to : (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A), (B). Further, subsection (a)(3), governs the time to respond and the consequence of a failure to respond. It read as follows: "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Here, it is undisputed that Chase served Karcho-Polselli with discovery requests, including Requests for Admissions on February 22, 2012. (Doc. No. 14, Ex. D). It also is undisputed that Chase never received responses to its Requests for Admission. Chase maintains the following admissions govern the outcome of this motion.

Plaintiff signed the Note and Mortgage, and both are enforceable. (Doc. No. 14, Ex. D, Requests for Admissions 1-4). Plaintiff defaulted on her Note and Mortgage obligations. (Id., Requests for Admissions 5-8). Chase did not make any misrepresentations to Plaintiff, was not required to modify the terms of the Note or Mortgage, and did not do so. (Id., Requests for Admissions 9-16). Finally, Plaintiff admitted that Chase did not promise to adjourn the foreclosure or offer a permanent Loan modification. (Id. Requests for Admissions, 18-20).

Because Plaintiff did not submit an answer or objection within the thirty day time frame set forth in the rules, the Court agrees with Chase that these matters are established conclusively. Price v. Total Bldg. Serv., inc. 100 F.3d 957 (6th Cir. 1996). Consequently, there is "no genuine dispute as to any material fact", and the Court finds Chase is entitled

3

to the requested relief.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

Date: July 17, 2012

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to and/or electronically filed to counsel of record on this date.

                                      s/Bernadette M. Thebolt
                                      Case Manager